JAMES A. KINGSBURY & wife *vs.* INHABITANTS OF DEDHAM.

An object in a highway, with which a traveller does not come in contact or collision, and
which is not shown to be an actual incumbrance or obstruction in the way of travel,
is not to be deemed a defect, for the sole reason that it is of a nature to cause a horse
to take fright, in consequence of which he escapes from the control of his driver, and
causes damage.

TORT to recover damages for a personal injury sustained by the female plaintiff by reason of a defective highway.

At the trial in the superior court, before *Ames*, J., it appeared that the female plaintiff, with two other women, was driving over the highway in question, on an afternoon in September 1864; that a pile of gravel lay in the middle of the travelled part of the road, on approaching which her horse stopped, reared, and became unmanageable from fright, and, by suddenly attempting to turn round, overset the wagon, and the female plaintiff was thrown to the ground and injured. Neither the horse nor any part of the wagon came in actual contact with the pile of gravel, and there was room on both sides of it to pass by, if the horse had not been frightened, without material inconvenience or risk. Workmen employed by the surveyor of highways had been engaged that day in carting gravel from a pit in the neighborhood to various parts of the road, and spreading it on the surface for the purpose of making repairs, and the pile of gravel in question was one cart-load which had been put there and had not been spread. It was not contended on the part of the plaintiffs that this pile exceeded fifteen inches in height, or that it covered a space more than five or six feet across, or that there was any other defect in the road except this pile of gravel.

The judge instructed the jury, among other things, that a heap of gravel, left in the travelled path of the road, might be considered such a defect or obstruction as might render a town liable for damages, if it were of such a shape and character as to be manifestly likely to frighten horses, and in that way dangerous to travellers; that it would not be enough that it might

possibly terrify a skittish or ill-broken horse, but it must be such that a competent surveyor of highways, on seeing it, ought to have known that there was a probable danger that it would frighten horses.

Instructions were also given as to the requisite notice to the defendants of the alleged defect, and upon other points, which are not now material.

The jury returned a verdict for the plaintiffs, with $400 damages ; and the defendants alleged exceptions.

*W. Colburn*, for the defendants.

*R. R. Bishop*, for the plaintiffs. A pile of gravel in a road may be a defect or not, according to circumstances. There is nothing in its nature to prevent its constituting a defect. Nor is it essential that a traveller should come in actual contact with such a defect, in order to entitle him to damages ; but if the object is one calculated, under all the circumstances, to frighten a safe horse, properly managed and driven, and does frighten him, and thus produces an injury, it is a defect, within the meaning of the statute. *Bigelow* v. *Weston*, 3 Pick. 267. *Marble* v. *Worcester*, 4 Gray, 395. *Goldthwait* v. *East Bridgewater*, 5 Gray, 61. *Littleton* v. *Richardson*, 32 N. H. 59. *Davis* v. *Bangor*, 42 Maine, 522. *Dimock* v. *Suffield*, 30 Conn. 129. And it was properly left to the jury to determine this question. See *Hall* v. *Lowell*, 10 Cush. 260 ; *Gregory* v. *Adams*, 14 Gray, 242.

BIGELOW, C. J. It is quite impracticable to prescribe any general rule, applicable to all cases, which will limit and precisely define the extent of the liability of towns and cities for accidents arising from defects and causing damage to persons and property, which may happen on highways and bridges which they are bound to keep in repair. Each case must be decided mainly on the facts and circumstances which are shown to exist at the time of the particular occurrence which is the subject of investigation. But an approximation to a fixed rule or standard may be attained by determining with certainty the particular kinds or classes of objects or incumbrances within the .imits of a way, and the condition of its surface arising from certain extraneous causes, which cannot properly be held to

constitute defects or a want of repair for which a city or town can be held liable. This has already been partially done in several recent decisions of this court. *Hixon* v. *Lowell*, 13 Gray, 59. *Vinal* v. *Dorchester*, 7 Gray, 421. *Keith* v. *Easton*, 2 Allen, 552. *Barber* v. *Roxbury*, 11 Allen, 318. *Stanton* v. *Springfield*, 12 Allen, 566. *Hutchins* v. *Boston*, Ib. 571, *n.* The case at bar, although differing in some particulars from any previously adjudicated case, seems to us to come within a class or description which has passed under the judicial cognizance of this court. The precise point now presented for adjudication is, whether an object in a highway, with which a traveller does not come in contact or collision, and which is not shown to have been an actual incumbrance or obstruction in the way of travel, is to be deemed a defect for the sole reason that it was of a nature to cause a horse to take fright, in consequence of which he escaped from the control of his driver and caused damage to person and property. In *Keith* v. *Easton, ubi supra,* it was decided that an object situated outside of the travelled path, but within the limits of the highway, which caused a horse to take fright and run away, was not an actionable defect. The only distinction between that case and the present is, that in the former the cause of the fright was not placed in the part of the way wrought or used for travel, but in the latter it was situated in or near the centre of the road. This difference, however, is not material. A town is required not only to keep the travelled part of the way safe and convenient, but also to see that the other portions of the road are in such condition that a traveller using due care may pass without danger of accident. *Bigelow* v. *Weston*, 3 Pick. 267. *Snow* v. *Adams*, 1 Cush. 443. *Kellogg* v. *Northampton*, 4 Gray, 69. If therefore a town is not responsible in damages for an injury caused by the fright of a horse arising from an object situated on the side of a highway, when, as in the case of *Keith* v. *Easton*, there was no fault in the horse or driver contributing to the accident, *pari ratione* the defendants cannot be held liable in this action for damages done to the plaintiff under similar circumstances, where the fright of the horse was occasioned by an object or incumbrance within the

limits of the travelled path.   Among the many cases which have arisen and been adjudicated by this court concerning the liability of towns for damages caused by defects in highways, there is not one in which it has been held that an object in a highway, or the condition of the surface of a road which is not otherwise a hindrance or obstacle to travellers except that it may by its appearance or shape be the cause of fright in a horse, and over and by which a traveller might have passed with safety but for the fear excited in the animal, can be regarded as a defect or want of repair for which a town is liable.   In *Lund* v. *Tyngsboro,* 11 Cush. 563, in which the fright of the horse contributed to the accident, the alleged defect was not a condition of the way which occasioned that fright, but the existence of a hole in a culvert of so dangerous a character as to render it an act of prudence for the plaintiff to leap from her carriage in order to avoid the danger of its coming in contact with the hole while the horse was in a state of alarm arising from another cause.

Upon careful consideration, it seems to us that it would be giving an unwarrantable interpretation to the statutes which impose on towns the duty of keeping the highways within their respective limits in safe and convenient condition, and render them responsible for injuries arising from defects or want of reasonable repairs, to hold that the existence of an object within the limits of a way, or the state of the surface of the road, which may cause horses to take fright, constitutes a culpable neglect. It would be quite impracticable for a city or town, however diligent and careful it might be, to conform to such a standard of duty.   A small piece of white paper lying on the surface of a way in a bright sunlight, a discoloration of a patch of the road by moisture or other cause rendering it darker than other portions, a little tuft of hay or sea-weed lying by the side of the travelled path, these and other similar objects which the highest diligence could not prevent or seasonably remove would expose towns to liability to actions for damages.   In the case at bar there is nothing in the facts stated in the exceptions from which it can be fairly inferred that the road at the place where the

accident happened was defective, except that it was in such condition as to cause the plaintiffs' horse to take fright. On the contrary, the alleged defect was a small pile of loose gravel not exceeding fifteen inches in height, over or through which the wheels of the carriage, if they had come in contact with it, would in all probability have passed in safety. Under the instructions given to the jury, it is to be presumed that the verdict for the plaintiffs was founded solely on the fact that the heap of gravel was of such a shape and character as to be likely to frighten horses. This construction was erroneous. A town is not liable for every object which renders a way unsafe or inconvenient for travellers to pass over it, but only for such as not only renders the way unsafe and inconvenient, but also defective or out of repair, and the injury must be attributable to the defect or want of repair. *Barber* v. *Roxbury*, 11 Allen, 318. On the facts proved at the trial, no such defect or want of repair was shown. *Exceptions sustained.**

---

* Similar decisions were made in two cases in Suffolk County, argued at November session 1866.

### COLEMAN COOK *vs.* CITY OF CHARLESTOWN.
### COLEMAN COOK & wife *vs.* SAME.

Two actions of tort, to recover damages for personal injuries sustained by reason of a defective highway.

These actions were tried together in the superior court, before *Vose*, J., when it appeared that the alleged defect was the horse of a traveller which had dropped dead in Cambridge Street, which was one of the principal thoroughfares of Charlestown, about one o'clock in the afternoon of September 7th 1865, and which, during the afternoon, was turned over and allowed to remain within the travelled part of the street, near the curb-stone, until about seven o'clock in the evening, when the two plaintiffs were driving on the street, and their horse, as he came near to the dead horse, suddenly became frightened and unmanageable, and started and ran, and the carriage struck against the curb-stone and a tree at a distance of about one hundred and eighty feet, throwing out the plaintiffs and injuring them. Neither the plaintiffs' horse nor carriage came in contact with the dead horse, and it did not appear that they would have done so if the plaintiffs' horse had not become frightened; but there was more than room enough for them to pass without doing so.

Under instructions authorizing them so to do, the jury found verdicts for the

plaintiffs, with damages, in the first action, of $1049.02, and, in the second, of $1540.96; and the defendants alleged exceptions.

*C. Robinson, Jr.*, for the defendants.

*O. Stevens*, for the plaintiffs.

THE COURT *sustained the exceptions.*